## SUPREME COURT.

### RYCKMAN agt. COLEMAN and others.

A *commission* paid for *accepting a draft,* on a deposit of goods, where there is no loan of money, and where it does not appear to have been a cover for a usurious contract, is not *usurious.*

Where the security given on the granting of an *injunction* is so small that the damages that might be sustained by its continuance could not be satisfied by the undertaking, it will be *dissolved.*

*New York Special Term, August,* 1861.
MOTION to dissolve injunction, &c.

INGRAHAM, Justice.   I. The security given on the granting of this injunction was altogether too small to justify retaining it.   The damages that might be sustained by its continuance could not be satisfied in anywise by that undertaking.

II. The answer denies positively all the equities set up in the complaint.   It shows that the defendants were told an advance of money was not required, but simply of credit; and in the first case, in addition to the commissions charged on the acceptances, it states that the charge was made for sale and guarantee.   It is not usual to retain an injunction where the answer denies all the allegations on which the claim therefor is based.

III. The agreement to deduct two and a half per cent. from the commissions of seven and a half per cent. if no sale took place, and if the plaintiff was placed in funds to pay the drafts, in fact, leaves all the different transactions the same in principle, viz: an advance of credit by way of acceptance, and a charge of five per cent. therefor.

Ryokman agt. Coleman.

IV. There is nothing in any of the papers to warrant the conclusion that this form of acceptance was resorted to to cover up what the parties knew and understood was intended to be a usurious contract, and the only question therefore remaining is, whether a charge of five per cent. for accepting drafts on the deposit of goods where there is no loan of money, is usurious.

Independent of its being an attempted cover for a usurious loan, I understand the plaintiff's counsel to concede that it is not usurious if it was a mere advance of an acceptance, with a charge for such advance, and for a sale and guarantee. In *Schemerhorn* agt. *Tallman*, (14 *N. Y. R.*, *p.* 93,) Justice SELDEN says: "It is plain that the giving of one's own promise to pay to another for any consideration cannot be brought within the definition of a sale. It is impossible to call such a transaction a transfer of property."

In *More* agt. *Howland*, (4 *Denio*, 264,) it was held that a guarantee or endorsement of paper for two months at two and a half per cent. commission, was not usurious. Chief Justice BRONSON says: "A man has as good a right to sell his credit as to sell his goods or his lands, and if he deal fairly he may take as large a price as he can get for them." (*See also* 4 *Hill*, 436, 472; 1 *Hilton*, 532.) The case of *Suydam* agt. *Westfall*, (4 *Hill*, 211,) is an express authority that a commission for accepting a draft does not make it usurious. I know that several judges have expressed a different opinion, and in some of the cases referred to, in which the judges have dissented, such opinions have been stated; but I do not feel willing to hold, that a mere commission paid for accepting a draft, where there is no loan of money and where it does not appear to have been a cover for a usurious contract, is, of itself, usurious and void.

If it is so, then in no case can a man, who loans his credit or accepts for another his bill of exchange, make a charge therefor. In all cases he would receive more than the law allows, if he makes any charge whatever, and his contract

founded thereon would be void. Admitting, however, that there is doubt upon this question, still, for the reasons first stated by me, the injunction should be dissolved. Motion granted.

As the amount involved in this case is large, and it may be desirable for the plaintiff to take the opinion of the general term on the questions involved, a stay of proceedings may be had on the order granted herein, provided the plaintiff increases the security given on issuing the injunction by an undertaking in $10,000, to be approved of by a justice of the court.